## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  _____

ANTHONY PAUL,

Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Liberty Mutual Insurance Company ("Defendant" or "Liberty Mutual"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

### INTRODUCTION

1.      On February 1, 2018, Plaintiff initiated this action by filing his Complaint ("Complaint") in the District Court, Denver County, State of Colorado, Case No. 2018CV30398 (the "State Action").

2.      The Complaint alleges two claims for relief against Defendant, including a First Claim for Relief – Bad Faith and a Second Claim for Relief – Request for Jorgensen Hearing.

3.      This lawsuit arises out of Plaintiff's claim regarding a workers' compensation matter.  Specifically, on or about February 27, 2015, Plaintiff allegedly suffered a head injury on his employer's premises as he was leaving work.  Plaintiff settled his claim against the third-party who was allegedly responsible for his injuries and received $80,000.00 in settlement. Defendant paid workers' compensation benefits to Plaintiff and has placed a lien against the settlement.  Plaintiff disputed the lien amount and filed the State Action for a determination regarding the same.

## COMPLIANCE WITH THE RULES

4.      All procedural requirements related to the removal of this action have been satisfied.

5.      On February 5, 2018, Plaintiff served Defendant with a Summons and a copy of the Complaint in the State Action.

6.      This notice of Removal is filed within 30 days of the receipt by Defendant of the service of the Summons and Complaint, and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7.      Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and Summons are attached to this Notice of Removal as **Exhibits A and B**, respectively.

9.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2017CV34334, District Court, Denver County, Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

11.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12.     Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

13.     Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

**DIVERSITY JURISDICTION**

14.     Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because:  (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15.     Plaintiff is a Colorado citizen.  *See* **Exhibit A**, Complaint at ¶ 1 ("Plaintiff Anthony Paul ("Plaintiff") is a natural person residing in the City of Castle Rock, State of Colorado.").

16.     Defendant Liberty Mutual Insurance Company is a citizen of the State of Massachusetts.  Defendant is incorporated and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a

citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17.     For purposes of federal diversity jurisdiction, the parties are citizens of different states and their citizenship is completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18.     While not waiving Defendant's right to contest the issue, diversity jurisdiction under 28 U.S.C. § 1332(a) exists because Plaintiff seeks a monetary judgment in excess of the $75,000 minimum amount in controversy requirement.

19.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. §  1446(c)(2).

20.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 553.  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold.  *Id.* At 554.  "A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

22.    Plaintiff confirms that the amount in controversy is greater than the $75,000 jurisdictional threshold by the filing of his District Court Civil (CV) Case Cover Sheet, attached as **Exhibit D**.  In that filing, Plaintiff indicates that, "[a] monetary judgment over $100,000 is sought by any party against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."  The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.  *See* Colo.R.Civ.P. at Form JDF 601.

23.    In *Paros Properties LLC v. Colorado Casualty Insurance Co.,* 935 F.3d 1264 (10th Cir. 2016), the United States Court of Appeals for the Tenth Circuit held that a Colorado state court civil case cover sheet is at least "properly considered an 'other paper' under § 1446(b)(3)," *id* at 1271, and "its contents provides adequate notice to a defendant that the Plaintiff is seeking an amount greater than the jurisdictional threshold for federal diversity jurisdiction," *id.* At 1272.  Crediting the late Judge Figa's decision in *Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an "other paper" that

put the defendant on notice that the amount in controversy exceeded $75,000), the Tenth Circuit said, "[t]here is no ambiguity in the coversheet.  And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)."  *Id.* at 1272-73.  Under *Paros,* therefore, the Civil Case Cover Sheet establishes that the amount in controversy is greater than $75,000.

22.     Based on the foregoing, since Plaintiff's alleged damages confirm that the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

23.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Liberty Mutual Insurance Company requests that the action now pending in the District Court, Denver County, Colorado, Case No. 208CV30398, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 26th day of February, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


s/ *Lyndsay K. Arundel*
Lyndsay K. Arundel, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone:  (303) 623-9000
E-mail:  larundel@lrrc.com

*Attorneys for Defendant Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Mark P. Martens, Esq.
Martens & Associates, P.C.
3900 E. Mexico Avenue, Suite 1300
Denver, CO 80210
Phone:  (303) 316-4500
Fax:      (303) 648-5587

*Attorneys for Plaintiff Anthony Paul*

*s/ Lyndsay Arundel*
Lyndsay Arundel