| | DATE FILED: February 1, 2018 3:43 PM<br>FILING ID: DEEC91E96F2C6<br>CASE NUMBER: 2018CV30398 |
|---|---|
| DISTRICT COURT, DENVER COUNTY,<br>STATE OF COLORADO<br><br>1437 Bannock St., Rm. 256<br>Denver, CO  80202 | |
| Plaintiff: ANTHONY PAUL, an individual<br><br>v.<br><br>Defendants: LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation. | |
| | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Mark P. Martens, #16095<br>MARTENS & ASSOCIATES, P.C.<br>3900 E. Mexico Avenue, Suite 1300<br>Denver, CO  80210<br>(303) 316-4500<br>(303) 648-5587 (Facsimile) | Case No:<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Anthony Paul, by and through his attorneys, Martens & Associates, P.C., respectfully submits the following complaint:

### PARTIES AND VENUE

1. Plaintiff Anthony Paul ("Plaintiff") is a natural person residing in the City of Castle Rock, State of Colorado.

2. Upon information and belief, Defendant Liberty Mutual Insurance Company ("Defendant"or "Defendant Liberty Mutual") is a Massachusetts corporation authorized to do business in the State of Colorado.

3. The address for Defendant's registered agent is provided as 1560 Broadway, Denver, CO 80202.

4. Venue is appropriate pursuant to C.R.C.P. 98.



## GENERAL ALLEGATIONS

5. On or about February 27, 2015, Plaintiff suffered a significant head injury on his employer's premises as he was leaving work. Despite the severity of his injuries, Plaintiff returned to work quickly.

6. Defendant is a provider of workers' compensation benefits and paid workers' compensation benefits to Plaintiff as a result of the severe injuries he suffered.

7. On February 24, 2017, Plaintiff filed suit against the third party allegedly responsible for his injuries. Plaintiff then entered into protracted litigation, and eventually, settlement negotiations with the third-party responsible for his injuries. Plaintiff provided notice to Defendant of its intent to seek recovery on multiple occasions. Written notice was provided to Defendant on May 23, 2016 as required by C.R.S. 8-41-203(4)(a)(I). Plaintiff also provided notice per C.R.S 8-41-203(4)(a)(2) on April 28, 2017.

8. After more than eight months of litigation, on November 2, 2017, Plaintiff settled his claims against the third party tortfeasor for $80,000.00. Despite having notice of Plaintiff's claim for more than 17 months, Defendant never responded to Plaintiff's invitations to confer and provided no guidance regarding any lien it may assert prior to the settlement of Plaintiff's claims or how it apportioned Plaintiff's economic and non-economic damages.

9. Defendant has asserted a lien against Plaintiff's settlement, apportioning 95% of the total settlement amount for economic damages and only 5% for non-economic damages. Defendant thus seeks 95% of Plaintiff's settlement under C.R.S. 8-41-203. Defendant has refused to make any other offers.

10. Enforcement of Defendant's lien would leave Plaintiff in a worse than he was in prior to filing suit and would eliminate any fees to which Plaintiff's counsel is entitled.

11. Defendant has stated it is unwilling to adjust its lien unless such is contingent on Plaintiff signing a full and final release of all past, present, and future claims relating to his injury.

## FIRST CLAIM FOR RELIEF
### (Bad Faith)

12. Plaintiff repeats and incorporates by reference herein the previous paragraphs.

13. Plaintiff sustained significant injuries as the result of a third-party's negligence. He has suffered considerable non-economic damages, in the form of physical and emotional pain and suffering, permanent disfigurement, permanent physical impairment, and loss of enjoyment of life.

14. Plaintiff engaged in protracted and expensive litigation, as well as settlement

negotiations, expending considerable costs, time and effort, causing further emotional pain and suffering and further diminishing his enjoyment of life.

15. Defendant acted unreasonably by not conferring with Plaintiff prior to or during settlement negotiations, unreasonably delaying by waiting only until such negotiations were concluded before revealing its settlement position and how it desired to apportion Plaintiff's economic and non-economic damages. Defendant did so knowing that had such position been asserted prior to settlement, settlement negotiations would have stalled and this matter likely would have proceeded to trial.

16. Defendant has acted unreasonably by asserting a lien for nearly the entire amount of Plaintiff's settlement. Enforcement of the lien would place Plaintiff in a worse position and eliminate Plaintiff's attorney's fees in violation of the Make Whole and Common Fund Doctrines established by C.R.S. 10-1-135.

17. Defendant has acted unreasonably in attempting to leverage its superior bargaining position and financial clout by insisting that it will adjust its lien amount only if Plaintiff signs a full and final release of all claims relating to his workers' compensation injury.

18. Defendant knew its behavior was unreasonable, or recklessly disregarded the fact that its behavior was unreasonable. Defendant knew or should have known a reasonable individual would not undertake such settlement negotiations with the expectation that any settlement amount would be subject to a 95% lien. Defendant knew or should have known its lien amount would violate C.R.S. 10-1-135. Defendant knew or should have known that its condition for reducing its lien amount would exploit its superior bargaining power.

19. Defendant's unreasonable behavior has caused Plaintiff to bear all the expense and effort of reaching a settlement and would leave Plaintiff in a worse position, benefitting only Defendant.

## SECOND CLAIM FOR RELIEF
**(Request for Jorgensen Hearing)**

20. Plaintiff repeats and incorporates by reference herein the previous paragraphs.

21. Defendant paid worker's compensation benefits to Plaintiff as a result of his injuries.

22. Plaintiff, with Defendant's full knowledge, entered into a settlement with the third-party for $80,000.

23. The parties cannot agree, as of the filing of this Complaint, how to apportion the sum of $80,000. Specifically, the parties disagree as to the apportionment between economic and non-economic damages. Plaintiff therefore requests a Jorgensen hearing be scheduled to resolve

this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, for compound interest as provided by law from the date of loss, for costs, expert witness fees, attorney's fees and for such other and further relief as this Honorable Court may deem just and proper in the circumstances.

RESPECTFULLY submitted this 1st day of February, 2018.

                                      Martens & Associates, P.C.
                                      Duly signed copy on file at the law office of
                                      Martens & Associates. P.C.

                            By:   **/s/ Mark P. Martens**
                                      Mark P. Martens, #16095
                                      ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
c/o Mark Martens, Esq.
Martens & Associates, P.C.
3900 E. Mexico Ave., Ste. 1300
Denver, CO 80210